## Altschuler v. Mont

*Douglas J. Jacobs,* for plaintiffs.
*John Klemeyer,* for Dorothea Hulst Estate.
*Jerome S. Cohen,* for Irving Hulst Estate.

THOMSON, *P.J.*, November 23, 1982—Plaintiffs Mark and Gloria Altschuler have filed a motion for summary judgment in this action to quiet title. The issue presented by this motion is the validity of a restrictive covenant contained in plaintiffs' deed.

The property in question is the Milford Theatre property located in Milford Borough of Pike County. The original owners for the purposes of this motion were Irving and Dorothea Hulst (both are now deceased and represented in this action by their estate). The Hulsts and now their heirs have at all times

relevant to this lawsuit owned all of the movie theatres within a significant geographical area around Milford. On May 18, 1972, the Hulsts deeded the property in question to defendant Emanuel Mont. This deed, which was properly recorded, contained the covenant that is the primary issue in this case. The covenant states as follows

Grantee, for himself, his heirs and assigns, covenants to and with the Grantors, their heirs and assigns, that the premises heretofore conveyed and any improvements thereon shall never be used for the operation and conduct for theatre purposes, motion picture theatre business, television or live entertainment, and upon the violation of any of the conditions of the said covenant that title to the said premises shall revert and pass to the Grantors, their heirs and assigns. The aforementioned conditions constitute a covenant running with the land.

Defendant Mont retained ownership of this property until October 29, 1978 when he transferred it to plaintiffs. This deed contains a recital which incorporates by reference the aforementioned restrictive covenant. On April 7, 1980, plaintiffs then instituted an action to quiet title seeking to have this covenant declared not to be running with the land.

We hold that no issues of fact exist in this matter. The restrictive covenant is clear and unequivocal on its face. The issue this court is presented with is whether a covenant not to compete which is unlimited in time can run with the land. Defendants allege in their new matter the existence of a later modification of their covenant between plaintiffs and defendants. We hold, however, that this agreement does not alter the basic legal question presented here.

The Pennsylvania Supreme Court case of Price v.

Anderson, 350 Pa. 209, 56 A. 2d 215 (1948) is the only case which squarely deals with this issue. In making its decision, the Price court relied on Section 537 of the Restatement of Property which states

"The successors in title to land respecting the owner has made a promise can be bound as promisors only if

(a) The performance of the promise will benefit the promissee or other beneficiary of the promise in the physical use or enjoyment of land possessed by him, or

(b) The consummation of the transaction of which the promise is a part will operate to benefit and is for the benefit of the promisor in the physical use or enjoyment of land possessed by him, and the burden on the land of the promisor bears a reasonable relation to the benefit received by the person benefitted.

Comment (f) to the Restatement, Property, Section 537, states:

*"Physical use or enjoyment.* For a promise to run with the land of the promisor, it is not enough that the performance of the promise operates to benefit either the promisor or the beneficiary of the promise in the use of his land. It must, in some way, make the use or enjoyment more satisfactory to his physical senses. It is not enough that the income from it is increased by virtue of it. Thus a promise that land of the promisor will not be used as to compete with a business carried on upon the land of the promissee does not affect the land of the promisor that it can be made to run with it. Though the benefit to the promisee in being free from competition may be clear, the risk of social harm involved in a possible monopoly of the business uses of land in an extended area is sufficient to induce the re-

fusal to extend the 'running of promises' to such cases.

Illustration:

A. The owner of two vacant lots lying side by side, sells one to B, who contemplates erecting and operating a drug store upon it. A agrees on behalf of himself and his assigns that no drug store will be operated upon the lot retained. A's promise does not so affect the land as to enable A's successor to be held liable as a promisor upon A's promise."

We hold that the Restatement Section cited by the Price court was meant to cover circumstances such as those that are presented in this case. There is no question that the intent of the original restriction was that the Milford Theatre never be used to compete with the Hulst family's business ventures. The purpose of Section 537 is to prevent such an unlimited restriction of a piece of property.

Defendants urge that covenants to prevent certain businesses from being conducted on a parcel of land may run with the land. Defendants cite the case of Great Atlantic and Pacific Tea Company, Inc. v. Stadium Shopping Center, Inc., 44 D. & C. 2d 61 (1966) as holding. ". . .whether or not a restrictive covenant runs with the land it is material only on the question of notice. Even if the covenant does not run with the land, the owner is bound if he took the land with notice." The A&P court extracted this quote from the case of J. C. Crille, Inc. Liquor License Case, 181 Pa. Superior Ct. 456 which in turn relied on Section 539 of the Restatement of Property. Section 539 deals generally with covenants preventing certain specific occupations from being carried on upon a piece of land.

The Restatement specifically distinguishes between covenants not to compete and covenants not

to conduct certain occupations on a parcel of land in Sections 537 and 539. The facts presented in this matter clearly indicate that the restrictive covenant is a covenant not to compete. We therefore hold that this restrictive covenant is no longer in force and in effect.

Defendants alternatively argue that this court should not simply ignore the covenant but at the very least modify it so as to make it reasonable in time. We hold, however, that since the Hulst family had the benefit of this covenant for over a decade, modification would not be appropriate.

### ORDER

And now, November 23, 1982, plaintiffs' motion for summary judgment is hereby granted. The restrictive covenant is held to be of no force and effect.